UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------X
                                                           :
Ian Copperthite,                                     :
                                                           :    Civil Action No.: 3:19-cv-1374
             Plaintiff,                          :
                                                           :
             v.                                      :
                                                           :
Monro, Inc.,                                           :
                                                           :    SEPTEMBER 5, 2019
             Defendant.                          :
                                                           :
---------------------------------------------------X

## **COMPLAINT**

Ian Copperthite, by his attorneys, Aeton Law Partners, LLP, as and for his Complaint, alleges as follows:

### INTRODUCTION

1.     This is an action brought by the Plaintiff, Ian Copperthite (alternately "Mr. Copperthite" or "the Plaintiff") against his former employer, the Defendant, Monro, Inc. (alternately "Monro" or "the Defendant"), arising from the Defendant's failure to pay the Plaintiff overtime wages for his work. The Plaintiff alleges that the Defendant violated the overtime wage payment provision of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, and the overtime wage payment provisions of Connecticut law, including Conn. Gen. Stat. § 31-68 and § 31-76c. The Plaintiff seeks as damages his unpaid overtime wages, double damages pursuant to the 29 U.S.C. § 216(b) and Conn. Gen. Stat. § 31-68 and § 31-72, and his reasonable attorney's fees and costs.

### JURISDICTION AND VENUE

2.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1332. With respect

to the state-law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 in that the state-law claims are so related to the federal claims that they form part of the same case and controversy.

3. Venue is appropriate in the District of Connecticut pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred within this judicial district.

## PARTIES

4. Plaintiff Mr. Copperthite is an individual who, at all times relevant herein, resided in Rockfall, Connecticut. At all times relevant, Mr. Copperthite was an employee of Monro. Mr. Copperthite currently resides in Georgetown, Kentucky.

5. At all times relevant, Mr. Copperthite was an employee engaged in commerce or the production of goods for commerce, and/or was an employee in an enterprise engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. § 207(a)(1).

6. Defendant Monro is a New York corporation duly licensed to transact business within the State of Connecticut, with a principal place of business located at 200 Holleder Parkway, Rochester, New York.

7. At all times relevant to the Complaint, Monro was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

8. Monro has an Annual Business Volume of more than $500,000.00.

9. At all times relevant, Monro was an employer as that term is defined by FLSA, 29 U.S.C. § 203(d), and by Connecticut General Statutes § 31-58(e) and 31-71a(1).

## FACTS

10. The Defendant employed the Plaintiff from 2013 until the fall of 2018.

11. The Defendant hired the Plaintiff under the title, "Store Manager."

12. When the Plaintiff was hired by the Defendant, he was told that he would be paid a salary of $39,000 a year and would not receive overtime pay.

13. Defendant told the Plaintiff words to the effect that he was an exempt employee pursuant to 29 U.S.C. § 213(a)(1) and Conn. Gen. Stat. § 31-58, 60, and as such he was not entitled to be paid overtime for hours worked above forty hours in a one week period.

14. During his employment with Defendant, Mr. Copperthite spent far more than fifty percent of his working hours completing "non-exempt duties." Mr. Copperthite routinely was assigned by Defendant to perform, and did in fact perform, non-exempt duties including, but were not limited to, janitorial tasks, technician duties, stocking shelves, cashiering, painting, and landscaping.

15. Mr. Copperthite's primary duty at Monro consisted of the non-exempt duties described in the prior paragraph. In reality, he did not supervise any employees nor did he plan work for or apportion work among employees. He had no authority to hire, fire, advance, promote or change the status of employees. Management did seek information from him about employees and potential hires, but all decisions were made by management. Mr. Copperthite infrequently provided this information to management.

16. Mr. Copperthite's effective wage was approximately $12.50 per hour. Upon information and belief, he was effectively paid less per hour than many of the employees Monro labeled as non-exempt. The Plaintiff regularly worked more than forty hours per week. In fact, Mr. Copperthite worked approximately sixty hours per week.

17. The Plaintiff also worked multiple weeks without a day off and was not given vacation days.

18. The Defendant did not create and maintain a complete and accurate record of the start and end times of the Plaintiff's daily employment.  It did not maintain records of the number of hours Mr. Copperthite worked in a day or a week and Monro did not provide Mr. Copperthite the facility to record his start and end time or the number of hours he worked in a day or week like other employees.

19. Monro acted in bad faith.  While it labeled people in Mr. Copperthite's position as exempt, it loaded them up with janitorial and other non-exempt duties while paying them a low salary.  This was a pattern and practice so that Monro could make more money by cheating employees out of their statutorily and regulatorily required overtime. As a result, Monro did not pay Mr. Copperthite one and one-half times his regular hourly rate for hours worked in excess of forty each week.

20. On or about October 11, 2018, Mr. Copperthite filed an unpaid wage Complaint against Defendant with the Connecticut Department of Labor.

**COUNT ONE: FLSA OVERTIME WAGE VIOLATIONS**

21. The Plaintiff restates, re-alleges and incorporates by reference Paragraphs 1 through 20, as though fully set forth herein.

22. The Defendant did not pay the Plaintiff at the rate of one and one-half times his regular hourly rate for hours worked in excess of forty hours in a week, in violation of FLSA, 29 U.S.C. § 207.

23. The Defendant's failure to pay overtime wages as required by federal law was willful, inasmuch as this was Defendant's pattern and practice across many of its stores.  It

assigned Mr. Copperthite, and others in his position, an overwhelming amount of non-exempt duties but nevertheless classified them as exempt.  Defendant was aware or reasonably should have been aware of its obligation to pay the Plaintiff consistent with the federal law and did not do so.

## COUNT TWO: CONNECTICUT OVERTIME WAGE VIOLATIONS

24. The Plaintiff restates, re-alleges and incorporates by reference Paragraphs 1 through 23, as though fully set forth herein.

24. With respect to Connecticut law, Monro's willful violation is particularly egregious.  Like the provisions of FLSA, Conn. Gen. Stat. § 31-68 and § 31-76b through 31-76c required Monro to pay Mr. Copperthite time and half for each hour above the weekly forty hour threshold.  As alleged above, Mr. Copperthite averaged sixty hours per week and most of that time was spent on non-exempt duties described above.

25. Connecticut law provides additional protections to its citizens beyond the provisions set forth in FLSA and its regulations.  Specifically, Conn. Agencies Regs.  31-60-14(a)(5) contains a rigid threshold such that if an employee spends more than forty percent of his time on non-exempt duties, s/he must be paid overtime for hours worked in excess of forty hours in a calendar week.

26. Monro was aware of this restriction.  It has thirty-six stores in Connecticut which are regularly open seven days a week and nearly twelve hours a day with slightly shorter hours on Sunday.  It has a substantial Connecticut workforce.  In bad faith, it simply elected to ignore Connecticut law.

## COUNT THREE: CONN.GEN.STAT. § 31-72 CLAIM FOR UNPAID WAGES

27. The Plaintiff restates, re-alleges and incorporates by reference Paragraphs 1

through 26 as though fully set forth herein.

28. The Defendant failed to pay the Plaintiff all of the wages that he was owed, including overtime, as required by Conn. Gen. Stat. § 31-71b through 31-71e.

21. The Defendant's failure to pay the Plaintiff his wages as required by Connecticut law was willful, arbitrary, and/or in bad faith, inasmuch as the Defendant was aware or reasonably should have been aware of its obligation to pay the Plaintiff consistent with the Connecticut wage payment laws and refused to do so.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff requests that this Court:

1. Order the Defendant to pay to the Plaintiff all wages owed to him pursuant to 29 U.S.C. § 207, and Conn. Gen. Stat. § 31-68 and § 31-72;

2. Award the Plaintiff an amount equal to all overtime wages owed as liquidated damages pursuant to 29 U.S.C. § 216(b)

3. Award the Plaintiff an amount equal to all wages owed as double damages;

4. Award the Plaintiff his attorney's fees and costs pursuant to 29 U.S.C. 216(b), and Conn. Gen. Stat. § 31-68 and § 31-72;

5. Award the Plaintiff pre-judgment and post-judgment interest and

6. Award the Plaintiff such other legal and equitable relief that the Court deems appropriate.

                   **THE PLAINTIFF**
                   **IAN COPPERTHITE**

                   By: /s/ Simon Allentuch
                   Simon Allentuch (ct21094)
                   Aeton Law Partners LLP
                   101 Centerpoint Drive, Suite 105
                   Middletown, CT  06457
                   (860) 724-2160
                   simon@aetonlaw.com